PIRL DOWER v. STATE.

No. A-8005. Jan. 2, 1932.
(6 Pac. [2d] 839.)

Rizley & Sweet, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Texas county of the crime of rape in the second degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The prosecuting witness, Nina May Stroud, was a girl 17 years of age, living in the country with her parents.

The evidence of the state was that the prosecuting witness was attending the county fair at Guymon, and was introduced to the defendant; that in company with another girl and another man they went to lunch in the evening and then to a dance, going to the fair grounds afterward; that they soon left there and attended a picture show; that defendant agreed to take her back to the

fair grounds, but that the other couple drove to the country; that the other couple got out of the car, and defendant, over the objection and resistance of prosecuting witness, drove the car farther up the road and off on to a side road; that prosecutrix held on to the steering wheel of the car, but defendant caught her by the hands and pulled them loose, and pulled her out of the car, and, while she screamed and objected, accomplished an act of sexual intercourse; that another car came up the road and threw the headlights on them as they lay on the ground; that defendant jumped up and ran, and that prosecuting witness fled across the field to a farmhouse, where she told of the assault; that she was taken back to Guymon and was examined by a physician, who testified that she had been raped; that soon thereafter she pointed the defendant out on the street; that, when he was arrested and taken to the county attorney's office, he admitted, in the presence of the prosecuting witness, that he had attempted to have intercourse with her. Defendant did not take the witness stand, and made no personal denial of the charges of the prosecutrix.

Counsel for defendant contend that defendant at most is guilty only of an assault with intent to commit rape, because he failed to accomplish any penetration. The prosecuting witness testified positively that defendant did have intercourse with her, and she is sustained by Dr. Lee, who examined her shortly after the assault.

Defendant contends that the trial court erred in overruling his second application for a continuance, which would permit the taking of depositions, after the state had announced that they would abandon the charge of first degree rape, and try the defendant upon the charge of second degree rape, only.

When the state called the prosecuting witness to testify, defendant objected because her name was not indorsed on the information, although she had signed and verified the same. The court sustained this objection, and thereupon the state elected to go to trial upon a charge of second degree rape, whereupon the court permitted the state to indorse the name of the prosecuting witness on the information.

This application was asked for in order that defendant might obtain evidence to show that the prosecuting witness was over eighteen years of age at the time of the alleged offense. The application did not set out the names of any witnesses that the applicant knew who would swear to a state of facts showing the prosecuting witness to be over eighteen years of age at the time of the commission of the offense.

The information included a charge of second degree rape. This was sufficient notice to the defendant that he might be convicted of either first or second degree rape. Sections 2694, 2739 and 2740, C. O. S. 1921; Hallmark v. State, 22 Okla. Cr. 422, 212 Pac. 322.

It was defendant's duty, therefore, to prepare to defend against a conviction for either of such degrees. The mere fact that defendant had failed to prepare his defense for second degree rape, merely because the information charged first degree rape, was no ground to grant him a continuance to prepare to defend that degree. The state had a right at any time to abandon the prosecution for first degree rape and seek a conviction for second degree rape.

In his motion for a new trial, defendant alleges as one of the grounds that the court erred in overruling his application for a continuance, but at that time made no

showing of the name of any person by whom he could prove, if a new trial was granted, that the prosecutrix was over eighteen years of age. If, as a matter of fact, such evidence existed, it was the duty of defendant to have subpoenas issued for witnesses or take depositions and prepare to show that fact. Ample time was given defendant before the trial to subpoena his witnesses and procure this evidence, if such existed. Having failed to do so, he is in no position to claim that the court erred in denying his application for a continuance.

The other contention of defendant is that the evidence is insufficient to support the verdict of the jury.

The information charged rape in the first degree, and the evidence was sufficient to support this charge, but, because of the failure of the county attorney to indorse the name of the prosecuting witness on the the information two days before the trial, the state was compelled to reduce the charge to second degree rape. This failure on the part of the county attorney was a lucky break for defendant, and he is fortunate to escape with a two-year sentence.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.